**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**Nos. 25-4268**

---

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　v.

KEWUAN TYRELL GREGG,

　　　　　Defendant – Appellant.

---

**Nos. 25-4269**

---

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　v.

KEWUAN TYRELL GREGG,

　　　　　Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever, III, District Judge.  (7:19-cr-00155-D-1)

---

Submitted:  May 29, 2026　　　　　　　　　　　　　　Decided:  August 4, 2026

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

———————————————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————————————

**ON BRIEF:** W. Michael Dowling, DOWLING PLLC, Raleigh, North Carolina, for Appellant. W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United State Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2024, Kewuan Gregg pled guilty, pursuant to a written plea agreement with the government, to possession with intent to distribute a quantity of a mixture or substance containing fentanyl.  The district court accepted his plea and sentenced him to 36 months' imprisonment, representing an upward departure from his advisory Sentencing Guidelines range.

At the time Gregg committed and pled guilty to this offense, he was on supervised release for a previous federal conviction for felon in possession of a firearm.  Because Gregg's new criminal activity violated the conditions of his supervised release, the district court revoked his supervision and sentenced Gregg to an additional 24 months' imprisonment, running consecutively to his fentanyl conviction sentence.

Gregg now appeals both sentences.  For the reasons explained below, we dismiss his appeal in part and affirm in part.

Challenging the sentence for his fentanyl conviction, Gregg argues the district court engaged in impermissible double counting when it upwardly departed from his advisory Sentencing Guidelines range.  In response, the government argues primarily that this portion of Gregg's appeal is barred by an appeal waiver contained in his plea agreement and should therefore be dismissed.  We agree with the government.

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013).  We review an appellate waiver de novo to determine whether it is enforceable. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).  "When the government seeks

to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *Id.* (internal quotation marks omitted).

Gregg does not contest the validity of his appeal waiver or argue that this appeal falls outside its scope. Our review of the record confirms that his waiver is valid and that this appeal is barred by its text. Instead, Gregg invokes our miscarriage of justice exception to plea waiver enforceability, *see United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016), arguing that he received a higher sentence than he otherwise might have due to the allegedly erroneous upward departure, and thus that the court should consider his appeal notwithstanding his valid waiver. But as we have explained, the miscarriage of justice exception applies only to a "narrow class of claims." *United States v. Smith*, 134 F.4th 248, 261 (4th Cir. 2025). And our cases make clear that this exception does not apply, and thus "we will enforce [an] appeal waiver," when a defendant claims merely that their sentence was impacted by a legal error. *United States v. Taylor-Sanders*, 88 F.4th 516, 524 (4th Cir. 2023); *see also United States v. Thornsbury*, 670 F.3d 532, 539 (4th Cir. 2012) (same). That is what Gregg argues here – that the district court improperly applied the sentencing guidelines when it upwardly departed in imposing sentence. *Cf. United States v. Marin*, 961 F.2d 493, 494–96 (4th Cir. 1992) (dismissing, as barred by an appeal waiver, the defendant's claim that an upward departure was improper, because it was "at most" a

4

complaint of "improper application of the guidelines"). Thus, we will enforce Gregg's valid appeal waiver and dismiss this portion of his appeal.

We turn next to Gregg's challenge to his revocation sentence. At Gregg's revocation hearing, his counsel asked for this sentence to run concurrently or partially concurrently to the sentence for his fentanyl conviction. The district court denied that request and imposed the 24-month revocation sentence – which fell within the advisory policy statement range – to run consecutively. On appeal, Gregg argues that the district court failed to adequately explain this choice.

We disagree. The district court here plainly satisfied the requirement to acknowledge Gregg's nonfrivolous arguments for a different sentence, demonstrate that it considered them, and explain its chosen sentence. *See United States v. Patterson*, 957 F.3d 426, 437–39 (4th Cir. 2020); *United States v. Slappy*, 872 F.3d 202, 207–09 (4th Cir. 2017). First, the district court explained why it viewed Gregg's violation of his conditions of supervised release as "particularly egregious." J.A. 107. In light of that more serious conduct, the district court explained, "running the sentence concurrently would [not] be consistent with either Chapter 7 in general or the need to punish" the egregious violation. *Id.* And at the end of the hearing, the court explicitly acknowledged that the sentence imposed was "different than what the defense lawyer asked for" and noted that it "rejected the [defense lawyer's] arguments in light of the entire record and the egregious" conduct at issue. J.A. 108. Because the district court complied with its obligation to "address

5

[Gregg's] nonfrivolous arguments" and "explain why" it rejected them, we affirm the revocation sentence. *See Slappy*, 872 F.3d at 208.

For the foregoing reasons, we dismiss Gregg's appeal of his sentence for his fentanyl conviction and affirm his revocation sentence.

*DISMISSED IN PART AND AFFIRMED IN PART*